**21**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



ATLANTIC RECORDING                         )    Case No. 1:04CV316
CORPORATION, a Delaware corporation;       )
PRIORITY RECORDS LLC, a California         )
limited liability company; WARNER BROS.    )
RECORDS INC., a Delaware corporation;      )
VIRGIN RECORDS AMERICA, INC., a            )
California corporation; ARISTA RECORDS,     )
INC., a Delaware corporation; BMG          )
MUSIC, a New York general partnership;     )
CAPITOL RECORDS, INC., a Delaware          )
corporation; FONOVISA, INC., a California   )
corporation; INTERSCOPE RECORDS, a          )
California general partnership; ELEKTRA      )
ENTERTAINMENT GROUP INC., a                 )
Delaware corporation; MOTOWN RECORD         )
COMPANY, L.P., a California limited         )
partnership; MAVERICK RECORDING            )
COMPANY, a California joint venture;        )
UMG RECORDINGS, INC., a Delaware           )
corporation; and SONY MUSIC                )
ENTERTAINMENT INC., a Delaware             )
corporation,                               )
                                           )
                    Plaintiffs,            )
                                           )
v.                                         )
                                           )
Does 1 - 13,                               )
                                           )
                    Defendants.            )

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE**

**DISCOVERY**

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the

supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit

thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on America Online, Inc. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _April 2, 2004_                    _____
                                          United States Magistrate Judge

2

**22**

Received 04/02/2004 04:25PM in 01:28 from 213 894 1815 to    on line [7] for FAX3 * Pg 2/3
04/02/04    FRI 17:22 FAX 213 894 1815    U.S DISTRICT COURT    ☎002

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

#### CIVIL MINUTES - GENERAL

Case No. CV 04-1962 ABC (AJWx)                    Date:  April 2, 2004

Title: <u>LONDON-SIRE RECORDS, INC., et. al., v. DOES 1-4</u>
========================================================
PRESENT:

HON. <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE

<u>Ysela Benavides</u>                    _____
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:              ATTORNEYS PRESENT FOR DEFENDANTS:
None Present                                        None Present

## ORDER REGARDING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Plaintiffs are thirteen record companies who have filed a lawsuit against four unnamed "doe" defendants for alleged copyright infringement.  Plaintiffs filed a motion for leave to take immediate discovery on March 23, 2004.  [Notice of Ex Parte Application for Leave to Take Immediate Discovery ("Notice") filed March 23, 2004].  Plaintiffs allege that defendants, using an online peer-to-peer ("P2P") media distribution system, made available for distribution, and in fact distributed, copyrighted songs without license or other authority to do so, thereby infringing plaintiffs' copyrights. [See Memorandum of Law in Support of Ex Parte Application For Leave to Take Immediate Discovery ("Memorandum") filed March 23, 2004, at 2].  Plaintiffs have acquired the Internet Protocol ("IP") addresses assigned to each of the four defendants on the dates and times of the infringing activity. [Memorandum 2].  Using a public database, plaintiffs determined that the subject IP addresses belong to the University of Southern California ("USC"). [Memorandum 2-3]. As an Internet Service Provider ("ISP"), USC maintains a subscriber activity log indicating which of its subscribers were assigned the IP addresses in question on the relevant dates and times. [Memorandum 3].  In plaintiffs' experience, most ISPs maintain subscriber activity logs for only a short period of time before destroying the information contained in the logs. [Memorandum 3].  From the subscriber logs, USC can use the IP addresses and temporal information provided by plaintiffs to identify the true names, street addresses, phone numbers, e-mail addresses, and Media Access Control ("MAC") addresses for each defendant. [Memorandum 3].  Plaintiffs ask this Court to allow immediate issuance of a subpoena directing USC to produce defendants' names and the other personal information described above so that plaintiffs may contact defendants in an attempt to negotiate a resolution to plaintiffs' claims, or failing that, to add defendants as named parties to this litigation.

---

04/02/04    Received 04/02/2004 04:25PM in 01:28 from 213 894 1815 to  on line [7] for FAX3 * Pg 3/3
FRI 17:22 FAX 213 894 1815          U.S DISTRICT COURT                          ☑003

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Generally, parties must meet and confer prior to seeking expedited discovery. See Fed. R. Civ. P. 26(f). That requirement, however, may be dispensed with if good cause is shown. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Plaintiffs have shown good cause. The true identities of defendants are unknown to plaintiffs, and this litigation cannot proceed without discovery of defendants' true identities. [See Memorandum 7-9].

Subject to the following qualifications, plaintiffs' ex parte application for leave to take immediate discovery is granted.

If USC wishes to file a motion to quash the subpoena or to serve objections, it must do so before the return date of the subpoena, which shall be no less than twenty-one (21) days from the date of service of the subpoena. Among other things, USC may use this time to notify the subscribers in question.

USC shall preserve any subpoenaed information or materials pending compliance with the subpoena or resolution of any timely objection or motion to quash.

Plaintiffs must serve a copy of this order on USC when they serve the subpoena.

Any information disclosed to plaintiffs in response to the Rule 45 subpoena must be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act as set forth in the complaint.

**IT IS SO ORDERED.**

cc:    Parties

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk_____

**23**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

FILED CLERK
U.S. DISTRICT COURT

04 MAR 31  AM 9: 32

TEXAS-EASTERN

BY_____

| | |
|---|---|
| ARISTA RECORDS, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; FONOVISA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; PRIORITY RECORDS LLC, a California limited liability company; LOUD RECORDS, LLC, a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; CAPITOL RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAROLINE RECORDS, INC., a New York corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; and LONDON-SIRE RECORDS INC., a Delaware corporation, | § § § § § § § § § § § § § § § § § § § § § § Case No.: 4:04cv93 |
| Plaintiffs, | § § § |
| vs. | § § |
| DOES 1 - 143, | § § § |
| Defendants. | § § § |

**ORDER GRANTING PLAINTIFFS' EXPEDITED *EX PARTE* MOTION FOR ORDER PERMITTING THIRD-PARTY DISCOVERY PRIOR TO FED. R. CIV. P. 26(f) CONFERENCE**

Upon the *Ex Parte* Motion of Plaintiffs for Order Permitting Third-Party Discovery Prior to Fed. R. Civ. P. 26(f) Conference and Memorandum of Law in Support, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Southwestern Bell Internet Services to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 3-30-04

Richard A. Schell

United States District Judge

2

**24**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

INTERSCOPE RECORDS; VIRGIN )
RECORDS OF AMERICA, INC; )
ATLANTIC RECORDING CORP; )
SONY MUSIC ENTERTAINMENT, )
INC.; ELEKTRA ENTERTAINMENT )          No 3-04-0240
GROUP, INC; UMG RECORDINGS, )
INC.; ARISTA RECORDS, INC.; )
WARNER BROS. RECORDS INC.; )
CAPITOL RECORD, INC.; )
MAVERICK RECORDING COMPANY; )
and BMG MUSIC )
)
v. )
)
DOES 1-7 )

## O R D E R

The plaintiffs' motion for expedited discovery (Docket Entry No. 3) is GRANTED. The stay of discovery, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, is hereby LIFTED.

If the defendants cannot be served with summons and the complaint prior to May 10, 2004, plaintiffs' counsel shall notify the office of the undersigned to reschedule the May 10, 2004, initial case management conference.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

This document was entered on
the docket in compliance with
Rule 58 and/or Rule 79 (a),
FRCP, on 3/29/04 By ___



**25**

Received 03/30/2004 09:44AM in 02:06 on line [11] for RHARRIS * Pg 2/3

FILED _____ LODGED
_____ RECEIVED _____ COPY

MAR 3 0 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Interscope Records, et al., | |
|         Plaintiffs, | No. CV-04-131 TUC - JM |
| v. | **ORDER** |
| Docs 1 - 4, | |
|         Defendants. | |

Pending before the Court is the Plaintiffs' *ex parte* Motion for Leave to Take Immediate Discovery [Docket No. 2]. Upon consideration of the Motion and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit attached thereto, it is hereby:

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [Docket No. 2] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on the University of Arizona to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant;

IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in response to the Rule 45 subpoena shall be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint;

Received 03/30/2004 09:44AM in 02:06 on line [11] for RHARRIS * Pg 3/3

1    IT IS FURTHER ORDERED that, if and when the University of Arizona is served

2  with a subpoena, within five (5) business days thereof it shall give written notice, which can

3  include use of e-mail, to the subscribers whose identities are to be disclosed in response to

4  the subpoena. If the University of Arizona and/or any Defendant wishes to move to quash

5  the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-

6  five (25) business days form the date of service;

7    IT IS FURTHER ORDERED that, if and when the University of Arizona is served

8  with a subpoena, the University of Arizona shall preserve the data and information sought

9  in the subpoena pending resolution of any timely filed motion to quash;

10    IT IS FURTHER ORDERED that counsel for Plaintiffs shall provide a copy of this

11  Order to the University of Arizona when the subpoena is served.

12    Dated this 25 day of March, 2004.

13

14

15

16                    JACQUELINE MARSHALL
17                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

2

**26**

**ENTERED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MAR 2 5 2004

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

INTERSCOPE RECORDS, et al.,          )
                                     )
                  Plaintiffs,        )
                                     )
        v.                           )   CAUSE NO. 1:04-cv-0542 DFH-TAB
                                     )
JOHN DOES 1 – 5,                     )
                                     )
                  Defendants.        )

ORDER AUTHORIZING IMMEDIATE DISCOVERY

In this action for copyright infringement, plaintiffs Interscope Records and several recording companies have moved for court permission to serve Rule 45 subpoenas to discover the identity of five defendants. Plaintiffs have alleged claims of direct copyright infringement by five defendants through use of "Peer to Peer" or "P2P" software over the internet. The defendants are identified by Internet Protocol ("IP") addresses and the dates and times of the alleged infringements. To learn the identities of the defendants, plaintiffs need information from the Internet Service Provider ("ISP") for the defendants. The ISP in this case is Indiana University. Plaintiffs assert that the ISP should be able to identify the five defendants easily using the available information.

SCANNED

Plaintiffs seek an order authorizing immediate discovery because ISPs typically erase or overwrite data in a relatively short time period. In such circumstances, expedited discovery is needed to avoid the loss of information about the identities of the alleged infringers. The court finds that plaintiffs have shown good cause for launching discovery at this time, and there is no identified defendant with whom plaintiffs could conduct a discovery conference. Because it appears that the information plaintiffs seek may be subject to 47 U.S.C. § 551(c)(2), the court will order the subpoenaed ISP to notify its subscribers of the fact that the subpoena has been received so that the subscribers may have an opportunity to assert any rights they might have related to the discovery.

Accordingly, it is hereby ORDERED that plaintiffs may immediately serve discovery requests on Indiana University to obtain the identities of the John Doe defendants by serving a Rule 45 subpoena for information identifying each defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each defendant. Within **seven calendar days** after receiving the subpoena, Indiana University shall notify the persons in question of the receipt of the subpoena pursuant to 47 U.S.C. § 551(c)(2), and Indiana University shall not respond to the subpoena **until at least fourteen calendar days** after it has notified the persons in question. Indiana University shall **immediately** take steps to preserve all subpoenaed information.

-2-

Plaintiffs may use any information disclosed to them in response to the Rule 45 subpoena solely for the purpose of asserting and protecting plaintiffs' rights under the Copyright Act.

So ordered.

Date: March 25, 2004

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James Dimos
Joel E. Tragesser
Locke Reynolds LLP
201 North Illinois Street
Suite 1000
P.O. Box 44961
Indianapolis, Indiana 46244-0961

jdimos@locke.com
jtragesser@locke.com

-3-

**27**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BMG MUSIC, et al.                    :
    Plaintiffs                   :      CIVIL ACTION
                       :      NO. 04-650
    v.                           :
                       :
DOES 1-203,                          :
    Defendants.                  :

## O R D E R

AND NOW, this 5th day of March, 2004, upon consideration of Plaintiff's Motion for Leave to Take Expedited Discovery (Doc. 3), it is hereby ORDERED that said Motion is GRANTED with respect to the Defendant identified as "Doe #1." As this Court has severed all other Defendants, discovery issues in the other cases will be at the discretion of other randomly assigned judges of this Court. Plaintiffs therefore have leave to serve immediate discovery on Comcast to obtain the identity only of the Doe Defendant known as "Doe #1" in Exhibit A of Plaintiffs' Complaint. The Court notes that Comcast is now, if it is not already, on notice that it possesses documents necessary to litigation (the subscriber data that relates individual users to their internet protocol address), and it should act to preserve all relevant information with an eye towards Plaintiffs' discovery needs. This Order does not prejudice Comcast's ability to seek a protective order, or to take other actions as are appropriate.

AND IT IS SO ORDERED.

Clarence C. Newcomer, S.J.

28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 3  2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

VIRGIN RECORDS AMERICA, INC.,
et al.,

      Plaintiffs,

v.

DOES 1 - 44,

      Defendants.

CIVIL ACTION NO.

1:04-CV-0438-CC

## ORDER

 Currently pending before the Court is Plaintiffs' Motion for Leave to Take Expedited Discovery. Plaintiffs, record companies who own copyrights in various sound recordings, seek leave of Court to serve limited, immediate discovery on Earthlink, Inc. ("Earthlink"), a third party Internet Service Provider ("ISP"), in order to determine the true identities of the Doe Defendants.

 According to Plaintiffs' Complaint, the Doe Defendants used an online media distribution system to download Plaintiffs' copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendants' allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant, and have determined that the ISP is Earthlink.[1] In their motion for expedited discovery, Plaintiffs ask the Court for permission to serve a Rule 45

---

[1] Plaintiffs have submitted the declaration of Jonathan Whitehead, Vice President and Counsel for Online Copyright Protection for the Recording Industry Association of America, Inc., in support of their motion for expedited discovery.

subpoena on Earthlink that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

Public Citizen, the American Civil Liberties Union, The Electronic Frontier Foundation, and the ACLU of Georgia (collectively referred to as "amici") have moved the Court for leave to file a memorandum as amici curiae addressing Plaintiffs' motion for expedited discovery. In their memorandum, amici argue that Plaintiffs have not made a sufficient factual showing to warrant discovery into the identities of persons who have communicated anonymously over the Internet, or made a sufficient showing that this Court has personal jurisdiction over each Defendant. In addition, amici argue that there are also serious concerns whether all 44 Doe Defendants are properly joined in one action. Lastly, amici argue that if the Court does allow some discovery, the Court should enlarge the period of time which Earthlink has to respond so that the individual defendants will have a meaningful opportunity to object to the subpoena if they so choose. Plaintiffs' oppose amici's motion, arguing that amici's effort to inject themselves into this case is premature.

As an initial matter, amici's motion for leave to file their memorandum is GRANTED.[2] However, after consideration of amici's brief, the Court agrees with Plaintiffs that the issues raised by amici are premature. In this regard, no party to this action has raised any of the issues addressed in amici's memorandum, and amici may not inject issues into the case which have not been raised by a party. See McCleskey v. Zant, 499 U.S. 467, 523 n.10, 111 S.Ct. 1454, 1485 n.10, 113 L.Ed.2d 517 (1991) ("It is well established . . . that this Court will not consider an argument

---

[2]    See DeJulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (decision to allow a non-party to participate as amicus curiae is solely within the broad discretion of the Court).

-2-

advanced by *amicus* when that argument was not raised or passed on below and was not advanced in this Court by the party on whose behalf the argument is being raised."). The issues addressed by *amici* may be resolved in the ordinary course of this litigation if and when such issues are raised by any Defendant.

Turning to Plaintiffs' request for expedited discovery, upon consideration of Plaintiffs' motion and supporting brief, as well as the declaration of Mr. Whitehead, the Court finds that Plaintiffs have established good cause for the expedited discovery they request. Where the Complaint alleges a prima facie case of copyright infringement, and where the lawsuit cannot proceed until Defendants are properly identified, Plaintiffs' motion for limited, immediate discovery in order to identify the Doe Defendants is due to be GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED:

Plaintiffs may serve immediate discovery upon Earthlink to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

If and when Earthlink is served with a subpoena, within five (5) business days thereof it shall give notice to the subscribers in question of the subpoena. If Earthlink and/or any Defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-five (25) days from the date of service.

If and when Earthlink is served with a subpoena, Earthlink shall preserve the

subpoenaed information in question pending resolution of any timely filed motion to quash.

Counsel for Plaintiffs shall provide a copy of this Order to Earthlink when the subpoena is served.

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to Take Expedited Discovery [2-1] is GRANTED. *Amici's* Motion for Leave to File Memorandum as Amici Curiae [5-1] is also GRANTED.

SO ORDERED this 3rd day of ___March___, 2004.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

- 4 -

29

STERNS & WEINROTH, P.C.
50 West State Street, Suite 1400
Trenton, N.J. 08607-1298
KAREN A. CONFOY (KC-0848)
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation, | CIVIL ACTION Case No.: ~~04~~ 04-607 (GEB) [PROPOSED] ORDER GRANTING EX PARTE RELIEF PERMITTING PLAINTIFFS TO CONDUCT LIMITED EXPEDITED DISCOVERY UPON RCN CORPORATION |
| Plaintiffs, | |
| v. | |
| DOES 1 - 7, | |
| Defendants. | |

Upon Plaintiffs' application for an Order to Show Cause granting Plaintiffs *ex parte* relief permitting them to conduct limited expedited discovery, the supporting memorandum of law, the declaration of Jonathan Whitehead and exhibit thereto, and the declaration of Karen A. Confoy, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on RCN to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 2/12/04

_____
United States District Judge

2

**30**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

CAPITOL RECORDS, INC., a Delaware
corporation; ARISTA RECORDS, INC., a
Delaware corporation; INTERSCOPE
RECORDS, a California general partnership;
LOUD RECORDS, LLC, a Delaware corporation;
UMG RECORDINGS, INC., a Delaware
corporation; WARNER BROS. RECORDS INC.,
a Delaware corporation; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; FONOVISA, INC., a California
corporation; SONY MUSIC ENTERTAINMENT
INC., a Delaware corporation; BMG MUSIC, a
New York general partnership; LONDON-SIRE
RECORDS INC., a Delaware corporation;
MOTOWN RECORD COMPANY, L.P., a
California limited partnership; PRIORITY
RECORDS LLC, a California limited liability
company; MAVERICK RECORDING
COMPANY, a California joint venture;
ELEKTRA ENTERTAINMENT GROUP INC., a
Delaware corporation; and VIRGIN RECORDS
AMERICA, INC., a California corporation,

:  Civil Action No.: 04 CV 472 (LAK)(HBP)

                    Plaintiffs,

           -against-

DOES 1 - 250,

                    Defendants.

——————————————————— x

## [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO TAKE IMMEDIATE DISCOVERY

Upon the *ex parte* application of Plaintiffs to take immediate discovery, the annexed

declaration of Jonathan Whitehead and the exhibit thereto, the annexed declaration of J.

Christopher Jensen, Esq., and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Time Warner Cable to obtain the identity each Doe Defendant by requesting the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. ~~The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).~~

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the discovery requests may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 1/26/04

United States District Judge

0617027.1