UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUD RECORDS, LLC, et al.**<br><br>    **Plaintiffs,**<br><br>        v.<br><br>**DOE 1-34,**<br><br>    **Defendants.** | Civil Action No.  05-1480 (JDB) |

## ORDER

    Plaintiffs Loud Records, LLC, Warner Bros. Records Inc., Sony BMG Music Entertainment, Virgin Records America, Inc., Fonovisa, Inc., Arista Records LLC, BMG Music, Capitol Records, Inc., Atlantic Recording Corporation, Elektra Entertainment Group Inc., Interscope Records, Maverick Recording Company, London-Sire Records Inc., Priority Records LLC, UMG Recordings, Inc., and Motown Record Co. (collectively "plaintiffs") bring this copyright infringement action under 17 U.S.C. § 101 et seq., against defendants Does 1-34. Currently before the Court is a motion by plaintiffs to take immediate discovery pursuant to Fed. R. Civ. P. 45 against Verizon Internet Services, Inc. ("Verizon"), an internet service provider ("ISP") that plaintiffs believe can provide them with defendants' identities.

    Plaintiffs allege in their Complaint that defendants, without permission or consent from plaintiffs, have used an online media distribution system to download, distribute to the public, and make available for distribution to others certain copyrighted sound recordings owned by plaintiffs.  Compl. ¶ 24.  Plaintiffs allege that in doing so, defendants infringed plaintiffs'

exclusive rights under copyright, and plaintiffs therefore are seeking statutory damages from defendants pursuant to 17 U.S.C. § 504(c) for each infringement of each copyrighted recording. Id. ¶¶ 24, 27.  Plaintiffs also seek to enjoin defendants from continued infringement.  Id. ¶ 28. However, plaintiffs have only learned the defendants' Internet Protocol ("IP") addresses, and not their identities.  Therefore, in order to pursue this litigation, plaintiffs have moved to take immediate discovery from Verizon under Rule 45 to learn defendants' identities.

Although Fed. R. Civ. P. 26(d) generally forbids Rule 45 discovery prior to a Rule 26(f) conference, other courts have routinely permitted this type of discovery with "John Doe" defendants.  See, e.g., Valentin v. Dinkins, 121 F.3d 72, 75-76 (2nd Cir. 1997).  Furthermore, plaintiffs have made a showing of good cause as required under Rule 26(d) to permit immediate discovery.  In particular, plaintiffs have alleged a claim of past and on-going infringement, there is a risk that the ISP (Verizon) will not preserve the information that plaintiffs seek, the discovery sought is narrowly tailored to obtain only defendants' identities, and finally, this litigation cannot proceed without plaintiffs discovering defendants' identities through this discovery.

Accordingly, plaintiffs will be permitted to seek immediate discovery from Verizon pursuant to a Rule 45 subpoena for information sufficient to identify each defendant.  Therefore, it is this 9th day of August, 2005, hereby

**ORDERED** that plaintiffs' Motion for Leave to Take Immediate Discovery is **GRANTED**; it is further

**ORDERED** that plaintiffs may serve immediate discovery on Verizon Internet Services, Inc. to obtain the identity of each defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each defendant, including the name, address, telephone number, e-mail

address, and Media Access Control addresses for each defendant; it is further

**ORDERED** that the disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B); it is further

**ORDERED** that any information disclosed to plaintiffs in response to the Rule 45 subpoena may be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act; it is further

**ORDERED** that if and when Verizon is served with a subpoena, Verizon shall give written notice, which may include e-mail notice, to the defendants within five business days; if Verizon or the defendants wish to move to quash the subpoena, they must do so before the return date of the subpoena, which shall be 25 days from the date of service; it is further

**ORDERED** that Verizon shall preserve any subpoenaed information pending the resolution of any motion to quash; and it is further

**ORDERED** that plaintiffs shall provide Verizon with a copy of this Order together with their subpoena.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Copy to:

Peter Emanuel Strand
SHOOK, HARDY & BACON, L.L.P.
Hamilton Square
600 14th Street, NW
Washington, DC 20005-2004
(202) 783-8400
Fax: (202) 783-4211
Email: pstrand@shb.com