## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUD RECORDS, LLC, *et al.*,<br><br>          Plaintiffs,<br><br>          v.<br><br>DOES 1-34,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case No. 1:05-cv-1480-JDB<br>)<br>)<br>)<br>) |

### PLAINTIFFS' OPPOSITION TO DOE #68.160.190.250'S MOTION TO QUASH

Plaintiffs respectfully file this opposition to Doe #68.160.190.250's ("Doe" or "Defendant") motion to quash a subpoena issued by Plaintiffs to Verizon Internet Services, Inc. ("Verizon"). For the reasons discussed below, Defendant's motion should be denied.

Defendant's motion to quash asks this Court to immunize him or her from liability for violating Plaintiffs' copyrights. Plaintiffs have gathered substantial evidence showing that each of the Doe defendants in this case are significant copyright infringers, but cannot pursue their claims – in this or any court – until they know who the Doe defendants are and where they reside. The discovery that this Court has expressly authorized is directed toward identifying the defendants so that Plaintiffs' claims can proceed. If the Court were to grant Defendant's motion, this case would be over before it began.

Defendant raises one argument in support of his or her motion to quash, but this argument lack merit.[1] Defendant asserts that Plaintiffs cannot seek information about his or her

---

[1] Defendant also asks the Court "in the alternative to limit production of your [sic] personal information by the time specified in subpoena." Motion, at p. 1. Besides providing absolutely no basis for this request, Plaintiffs' subpoena is already tailored to seek only the most basic identifying information regarding Defendant.

identity and place of residence because it is unclear whether this Court has jurisdiction over Defendant. That argument has been repeatedly rejected by this Court as well as courts across the country in cases parallel to this one. *See Elektra Entm't Group, Inc. v. Does 1-122*, No. 05-399, at 2 (D.D.C. June 10, 2005) (Ex. A); *UMG Recordings v. Does 1-199*, No. 1:04-CV-0093-CKK, at 2 (D.D.C. Mar. 10, 2004) (Ex. B); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 257, 267 (D.D.C.), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003); *Elektra Entm't Group, Inc. v. Does 1-9*, No. 04-Civ.-2289 (RWS), 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004); *Motown Record Co., L.P. v. Does 1-252*, No. 1:04-CV-439-WBH, at 3 (N.D. Ga. Aug. 16, 2004) (Ex. C); *Interscope Records, et al. v. Does 1-12,* No. 1:04-cv-3669-WSD, at 3-4 (N.D.Ga. July 7, 2005) (Ex. D); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004);. *See also Virgin Records Am., Inc. v. Does 1-44*, No. 1:04-CV-0438-CC, at 2 (N.D. Ga. Mar. 3, 2004) (Ex. E). Those courts have held that where Plaintiffs seek the identities of a defendant using the Internet to infringe Plaintiffs' copyrighted sound recordings, a claimed lack of personal jurisdiction provides no basis for quashing a subpoena to identify the defendant. Rather, such arguments are premature because litigation about personal jurisdiction cannot occur without the identity of the defendant being known to all parties and the Court. A contrary rule that required proof of personal jurisdiction prior to obtaining discovery to identify an Internet infringer would effectively immunize such infringers from liability for violating Plaintiffs' copyrights.

For this reason, the Court should deny the Defendant's motion.

## BACKGROUND

The Court is familiar with the background of this case. Plaintiffs are major recording companies who own copyrights in sound recordings. Collectively, they face a massive

problem of digital piracy over the Internet. Every month, copyright infringers unlawfully disseminate billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P") networks. *See* Lev Grossman, *It's All Free*, Time, May 5, 2003. A P2P network is an online media distribution system that allows users to transform their computers into interactive Internet sites, disseminating files for other users to copy. The most infamous P2P network was the Napster system, which was enjoined by a federal court. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001). Other P2P networks have, however, arisen in Napster's wake and the Supreme Court has held that these P2P networks are liable for the infringement of Plaintiffs' copyrighted works. *See, e.g., Metro-Goldwyn-Mayer Studios, Inc., et al. v. Grokster Ltd., et al.*, 125 S. Ct. 2764 (2005). As a direct result of piracy on P2P networks, Plaintiffs have and continue to sustain substantial financial losses.

P2P users who disseminate (upload) and copy (download) copyrighted material violate the copyright laws. *See id.* at *2770-72* (noting that users of peer to peer networks share copyrighted music and video files on an enormous scale and as such even the providers of those networks "concede infringement" by the individual users); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004). Copyright infringement over P2P networks is widespread, however, because users can conceal their identities by means of an alias. Copyright owners can observe infringement occurring on P2P networks, but cannot (without assistance) identify the true names and locations of the infringers.

The Defendant in this case is an active participant on a P2P network. As such, Defendant offers copyrighted sound recordings stored on his or her computer for others to download and downloads copyrighted sound recordings from other users of the P2P network. Plaintiffs discovered Defendant openly disseminating sound recordings whose copyrights are

1772731v1

owned by Plaintiffs. By logging onto the P2P network, Plaintiffs viewed the files that Defendant was offering to other users. The Defendant in this case is a significant infringer: he or she has chosen to make available from his or her computer hundreds of sound recordings, whose copyrights are owned by various of the Plaintiffs. In conjunction with the complaint filed in this case, Plaintiffs listed a sample of the songs that the defendants were disseminating without authorization (*see* Exhibit A to the Complaint) and also provided copies of screenshots which show the vast array of files, many of which are copyrighted sound recordings, that the defendants disseminated to anyone who wanted them over the P2P network (*see* Exhibit B to the Complaint).

As has previously been explained to the Court in the Whitehead Declaration filed with the original *Ex Parte* Motion to Take Immediate Discovery, upon finding Defendant disseminating large numbers of copyrighted works, Plaintiffs gathered substantial evidence of Defendant's illegal conduct. Nonetheless, Plaintiffs could not ascertain her name, address, or any other contact information. Whitehead Decl. ¶¶ 16, 21. Plaintiffs could, however, identify the Internet Protocol ("IP") address from which the Defendant was unlawfully disseminating Plaintiffs' copyrighted works. Using the IP address, Plaintiffs determined that Defendant was using Verizon's Internet service to disseminate copyrighted works unlawfully. *Id.* Verizon maintains logs that match IP addresses with their users' computers. *Id.* ¶ 14. By looking at its IP address logs, Verizon can match the IP address, date, and time with the computer that was using the IP address when Plaintiffs observed the infringement. Thus, Verizon – and only Verizon – can identify the Defendant in this case.

## ARGUMENT

## I. LITIGATION OVER PERSONAL JURISDICTION IS PREMATURE AND, IN ANY CASE, THIS COURT HAS JURISDICTION OVER DEFENDANT.

**A.    Consideration of Personal Jurisdiction Is Premature**

Plaintiffs have, as this Court already determined in granting Plaintiffs' application for immediate discovery, met the "good cause" required for such discovery.  The information Plaintiffs seek is indisputably material to this action and essential to allowing Plaintiffs to discuss the possibility of settlement with Defendant or to move forward with their suit.  Defendant does not dispute the relevance and materiality of the information sought by Plaintiffs.  Rather, the essence of Defendant's argument is that Plaintiffs should not be permitted to obtain that basic information precisely because Plaintiffs do not yet know such information (and thus cannot know whether they filed suit in her home state).  By that perverse logic, Defendant attempts to turn his or her momentary anonymity into an absolute shield against copyright liability because this case could not proceed in this *or any court* absent the Plaintiffs' ability to prove *now* where Doe lives.

As discussed below, there is substantial evidence that this Court has jurisdiction over Defendant, regardless of his her place of residence.[2]  Nonetheless, as this Court has held, it is premature to consider the question of personal jurisdiction in the context of a subpoena to identify the Defendant.  *See* Ex. A, *Elektra Entm't Group, Inc. v. Does 1-122*, No. 05-399, at 2 (D.D.C. June 10, 2005) ("The motion to quash the subpoena for lack of personal jurisdiction is legally premature.").  Indeed, in numerous cases around the country, Doe defendants (and *amici*, such as the ACLU, EFF, and Public Citizen) have raised the same personal jurisdiction argument that Defendant does here.  In each case, this Court as well as other courts have squarely held that

---

[2]    Doe states he or she resides in the state of Massachusetts—information that cannot be verified due to the nature of the Internet activities—but provides no further information about his or her identity, contact information, or place of residence.  It is undisputed, however, that Defendant utilized Verizon's Internet services to download Plaintiffs' copyrighted sound records and, as such, only Verizon can verify where Defendant resides.

resolving the question of personal jurisdiction is "premature," even where Doe defendants assert that they live outside the court's jurisdiction. *See Elektra Entm't Group, Inc. v. Does 1-122*, No. 05-399, at 2 (D.D.C. June 10, 2005) (Ex. A); *UMG Recordings v. Does 1-199*, No. 1:04-CV-0093-CKK, at 2 (D.D.C. Mar. 10, 2004) (Ex. B); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 257, 267 (D.D.C.), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003); *Elektra Entm't Group, Inc. v. Does 1-9*, No. 04-Civ.-2289 (RWS), 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004); *Motown Record Co., L.P. v. Does 1-252*, No. 1:04-CV-439-WBH, at 3 (N.D. Ga. Aug. 16, 2004) (Ex. C); *Interscope Records, et al. v. Does 1-12,* No. 1:04-cv-3669-WSD, at 3-4 (N.D.Ga. July 7, 2005) (Ex. D); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004);. *See also Virgin Records Am., Inc. v. Does 1-44*, No. 1:04-CV-0438-CC, at 2 (N.D. Ga. Mar. 3, 2004) (Ex. E).

The Court cannot render any kind of ruling on personal jurisdiction or catalog Defendant's contacts with the District of Columbia before Defendant has been named. *See* Ex. A, *Elektra Entm't Group, Inc. v. Does 1-122*, No. 05-399, at 2 (D.D.C. June 10, 2005). *See also Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004) (holding that "without the identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"). The parties cannot litigate any aspect of personal jurisdiction until Defendant has been identified. It is precisely for this reason that every court to have considered Defendant's argument has rejected it. *See, supra.* Indeed, courts routinely permit plaintiffs to serve discovery in response to a motion to dismiss on personal jurisdiction grounds before issuing a ruling on the motion. *See El-Fadl v. Central Bank of Jordan,* 75 F.3d 668, 676 (D.C. Cir. 1996) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the

defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.") ; *see also* Ex. A, *Elektra Entm't Group, Inc. v. Does 1-122*, No. 05-399, at 3 (D.D.C. June 10, 2005). Given that general rule – which applies even when a plaintiff knows a defendant's identity – it would make no sense to deny Plaintiffs the opportunity to obtain the most basic identifying information they seek in their subpoena to Verizon.

   This Court will have ample opportunity to consider issues of personal jurisdiction if Defendant chooses to file a motion to dismiss on personal jurisdiction grounds. In the meantime, Defendant's assertion that this Court may not have personal jurisdiction is not a bar to Plaintiffs' right to discover her identity through the pending subpoena to Verizon. The Supreme Court has made clear that a possible lack of personal jurisdiction provides no basis for denying discovery. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76-77 (1988) ("[E]ven if it were ultimately determined that the court [lacked personal jurisdiction], the order or process it issued in the conduct of the litigation would still be valid.").

   Finally, denial of the motion will not prejudice the Defendant. Assuming the Court denies the motion to quash, Plaintiffs ultimately will contact the Defendant and discuss possible settlement with him or her. It has been Plaintiffs' experience in parallel cases that, once confronted with Plaintiffs' substantial evidence of copyright infringement, many defendants elect to settle. For those defendants who elect to litigate, Plaintiffs, defendants, and the Court can determine whether it is proper to continue in this jurisdiction or whether transfer to another forum is preferable. In parallel cases across the country, however, upon receipt of a defendant's name and address, Plaintiffs have, after attempting to effect a settlement, elected to re-file suit in the jurisdiction where the defendant resides. Thus, if this case proceeds in any significant way, it will almost certainly occur in a jurisdiction acceptable to the Defendant.

**B.    Plaintiffs Have Made a Prima Facie Showing of Personal Jurisdiction over the Defendant.**

As discussed above, it is premature to address the question of personal jurisdiction. If the Court nonetheless were to consider the issue now, there is good reason to believe the Court has jurisdiction over Defendant.

Plaintiffs have asserted a substantial basis for jurisdiction in this Court. First, Defendant has contracted with a D.C.-based ISP (Verizon) and used Verizon's facilities to commit copyright infringement. *Cf.* DC ST § 14-423(a)(1) and (a)(3) (District of Columbia long-arm statute conferring jurisdiction over any person or business "transacting any business in the District of Columbia" or "causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia."). Indeed, "[t]his may provide jurisdiction under the long-arm statute of the District of Columbia." Ex. A, *Elektra Entm't Group, Inc. v. Does 1-122*, No. 05-399, at n.1 (D.D.C. June 10, 2005).

Second, regardless of her place of residence, Defendant has directed tortious activity into the District of Columbia. The District of Columbia's long-arm statute establishes a host of ways by which jurisdiction may be asserted against non-resident defendants. *See id.* In evaluating a long-arm statute almost identical to the District of Columbia's long arm statute, the Third Circuit expressly held that those transmitting copyrighted works nationwide "can anticipate that infringement may result at places remote" from the place of origin. *Edy Clover Productions, Inc. v. Nat'l Broadcasting Co.*, 572 F.2d 119, 120 (3d Cir. 1978). Defendant, without the permission or consent of the Plaintiffs, has offered to the public, including persons in this jurisdiction, Plaintiffs' copyrighted recordings; in exchange, she is able to download recordings made available by others, including persons in this jurisdiction.

1772731v1

As to Defendant's conduct, this court has specifically held "the download of music files by [defendant] constitutes transacting business in the District" and is sufficient to establish personal jurisdiction. *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F.Supp.2d 27, 31-33 (D.D.C. 2004). In addition, courts in the District of Columbia, like courts across the nation, have found that when the defendant "engage[s] in unabashedly malignant actions directed at or felt in this forum," the forum may exercise personal jurisdiction. *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000); s*ee also Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510, (D.C. Cir. 2002) (noting that over "the last century, for example, courts held that, depending upon the circumstances, transactions by mail and telephone could be the basis for personal jurisdiction notwithstanding the defendant's lack of physical presence in the forum. There is no logical reason why the same should not be true of transactions accomplished through the use of e-mail or interactive websites."); *Overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F.Supp.2d 47 (D.D.C. 1998) (holding that contractual activities that cause a consequence in the District of Columbia are sufficient to constitute "transacting any business" for purposes of personal jurisdiction).[3] Furthermore, a single act of copyright infringement may be sufficient to find that business was transacted in the District of Columbia for purposes of long-arm jurisdiction. *See Material Supply Intern., Inc. v. Sunmatch Industrial Co.,* 62 F.Supp.2d 13 (D.D.C. 1999).

Third, by installing P2P software and logging onto a P2P network, each defendant transformed his or her computer into an interactive Internet site, allowing others to complete transactions (by downloading copyrighted works) over the Internet. Each defendant was

---

[3] The fact that the P2P infringers trade copyrighted works rather than sell them is irrelevant to whether the websites are fully interactive and thus may subject them to jurisdiction. The tort of copyright infringement does not require a sale – it is complete upon the making of or dissemination of a copy without authorization. *See Arista Records, Inc.*, 314 F. Supp. 2d at 30-33.

disseminating copyrighted works to anyone that wanted them (including residents of this jurisdiction) and was downloading copyrighted works from others who offered them (including residents of this jurisdiction).   Under this Circuit's decision in *Gorman v. Ameritrade Holding Corp.*, defendants (wherever they reside) may subject themselves to general jurisdiction in the District by completing "electronic transactions" through "the use of e-mail or interactive websites." 293 F.3d at 511-13. Engaging in such electronic transactions with residents of the District provides the sort of "continuous" and "systematic" contacts with the District that support the exercise of this Court's jurisdiction. *Id.*; *see also Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (distinguishing between passive websites which generally do not provide sufficient contacts with a forum to justify an assertion of jurisdiction with "interactive" websites which generally do support an assertion of jurisdiction).

In any case, the Court cannot complete an analysis of Defendant's contacts with the District until everyone, including the Plaintiffs, knows who Defendant is.  As discussed above, any defendant who wants to raise personal jurisdiction issues will have the opportunity to do so.  Accordingly, Plaintiffs have made a prima facie showing of personal jurisdiction over Defendant.

## II.    Conclusion

The Court should deny the motion to quash and order Verizon to comply with the subpoena.

1772731v1

September ____, 2005

Respectfully submitted,

By: _____

Peter Strand (Bar No. 481870)
SHOOK, HARDY & BACON L.L.P.
Hamilton Square
600 14th Street, NW Suite 800
Washington, D.C. 20005-2004
202.783.8400 Telephone
202.783.4211 Facsimile

Attorneys for Plaintiffs

11

1772731v1