UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LOUD RECORDS, LLC, et al.,**

    **Plaintiffs,**

        v.

**DOES 1-34,**

    **Defendants.**

Civil Action No. 05-1480 (JDB)

**MEMORANDUM OPINION & ORDER**

Plaintiffs in this case are major record companies who own the copyrights to popular sound recordings. Through an independent investigation, plaintiffs concluded that the thirty-four unnamed defendants in this case -- who could be identified only by their unique Internet Protocol ("IP") addresses -- infringed upon plaintiffs' copyrights by downloading or distributing the recordings over peer-to-peer networks without plaintiffs' permission. Only defendants' Internet Service Provider ("ISP"), Verizon Internet Services, Inc. ("Verizon"), can match the IP addresses with the computers that were used to download or share the recordings and thereby identify the individual defendants.

On August 9, 2005, this Court granted plaintiffs leave to conduct immediate discovery. Plaintiffs served Verizon with a subpoena for the identities of defendants. One of the defendants, designated as Doe #68.160.190.250 (hereinafter "defendant"), subsequently moved to quash the subpoena on August 17, 2005, arguing that she is not subject to personal jurisdiction in the District of Columbia. See Doe Aff. at 1. The Court concludes that defendant's motion is legally

premature. Accordingly, defendant's motion will be denied.

Other judges in this court have denied as premature similar motions to quash subpoenas directed at discovering the identities of Internet users. See <u>Elektra Entm't Group, Inc. v. Does 1 - 122</u>, No. 05-CV-399 (D.D.C. June 10, 2005) (Order at 2) ("The motion to quash the subpoena for lack of personal jurisdiction is legally premature."); <u>UMG Recordings v. Does 1-199</u>, No. 04-CV-093 (D.D.C. March 11, 2004) (Order at 2) ("It is clear to the Court that Defendants must be identified before this suit can progress further."). Unless and until the identity of defendant is revealed, the Court cannot properly determine whether it has personal jurisdiction over her. See <u>Elektra</u> Order at 2 ("The Court cannot render any kind of ruling on personal jurisdiction or catalog a defendant's contacts with the District of Columbia before a defendant has been named."); <u>Sony Music Entm't Inc.</u>, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004 ) ("without the identifying information sought by plaintiffs in the subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants."). Plaintiffs have presented a meritorious case in their complaint, and that case cannot move forward without identifying the defendants. It is, therefore, appropriate that discovery should proceed.

Indeed, when faced with a motion to dismiss for a lack of personal jurisdiction, plaintiffs must be given leave to conduct discovery in order to verify or invalidate defendant's representations concerning her contacts with this jurisdiction. See <u>El-Fadl v. Central Bank of Jordan</u>, 75 F.3d 668, 676 (D.C. Cir. 1996) ( "A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum."). Hence, it is proper that plaintiffs be allowed to proceed with discovery in order to respond to defendant's assertion

that this Court has no personal jurisdiction over her.

Finally, defendant is not prejudiced by the denial of the motion because she will have a fair opportunity to file motions challenging personal jurisdiction after jurisdictional discovery has concluded.  In the same vein, the Court will not decide at this time whether plaintiffs have made a prima facie showing of personal jurisdiction.  Once Verizon has complied with the subpoena, plaintiffs and defendants will have an opportunity to be heard on that matter as necessary.

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to quash is **DENIED**; and it is further

**ORDERED** that plaintiffs shall provide Verizon with a copy of this Order.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated:   November 2, 2005

Copy to:

Peter Strand
SHOOK, HARDY & BACON, LLP
Hamilton Square
600 14th Street, NW
Washington, DC  20005-2004
Email: pstrand@shb.com

*Counsel for plaintiffs*